IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

  vs.                               **Case No. 09-40039-01**
                                         **11-4118-RDR**

FRANCISCO NUNEZ,

           Defendant.

### O R D E R

This matter is presently before the court upon defendant's motion for reconsideration pursuant to Fed.R.Civ.P. 59(e). Having carefully reviewed the defendant's motion, the court is now prepared to rule.

On May 15, 2012, the court denied defendant's <u>pro se</u> motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The court found no merit to the defendant's claims that his guilty plea was involuntary due to ineffective assistance of counsel. The defendant, who is incarcerated, filed the instant motion on June 14, 2012. In this pleading, the defendant contends that the court misapprehended the facts in denying his § 2255 motion. He argues that the court failed to consider what his counsel told him in conversations that led to his guilty plea. He suggests that an evidentiary hearing on his § 2255 motion is necessary.

The court shall construe the defendant's motion as one seeking relief under Rule 59(e). The defendant mailed his motion on June

10, 2012 within the 28-day deadline of Rule 59(e).  Under the "prisoner mailbox rule," this date is the date on which the document is deemed filed.  See Houston v. Lack, 487 U.S. 266, 275-76 (1988).

"Motions to alter or amend judgment are appropriate where they involve reconsideration of matters properly encompassed in the decision on the merits."  Aerotech Resources, Inc. v. Dodson Aviation, Inc., 191 F.Supp.2d 1209, 1213 (D.Kan. 2002).  "[A] Rule 59(e) motion to alter or amend judgment is essentially a motion for reconsideration."  Id. at 1214.  "Reconsideration is proper when there has been a manifest error of law or fact, when new evidence has been discovered or when there has been a change in the relevant law."  Id.  "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."  Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).

The defendant, at the plea colloquy, acknowledged under oath that (1) he had been advised of the potential deportation consequences of a criminal conviction; and (2) he understood the potential penalty he faced if he pled guilty.  At sentencing, the defendant indicated that he was satisfied with the representation of his counsel and that he understood that he was facing a sentence of ten years.  The defendant's allegations in the instant motion would indicate that the defendant perjured himself during the court

2

hearing in this case. The defendant had every opportunity to indicate that his counsel had failed to inform him of the consequences of his plea. He failed to do so.

The defendant has not shown any basis for reconsideration of the court's ruling of May 15, 2012. He has not demonstrated that the court has misapprehended the facts, his position, or the controlling law. Accordingly, the defendant's motion shall be denied.

**IT IS THEREFORE ORDERED** that defendant's motion for reconsideration pursuant to Fed.R.Civ.P. 59(e) (Doc. # 53) be hereby denied.

**IT IS SO ORDERED.**

Dated this 6th day of July, 2012 at Topeka, Kansas.

                                        s/Richard D. Rogers
                                        United States District Judge